UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RITA FLEMING,

                               **Plaintiff,**

                    - against -

**THE CITY OF NEW YORK, ET AL.,**

                              **Defendants.**

**OPINION & ORDER**

**01 Civ. 8885 (CM) (RLE)**

---------------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.    INTRODUCTION

Rita Fleming ("Fleming"), a former New York City Police Officer, brings this action against the City of New York, (the "City"); former Police Commissioners of the City of New York, Howard Safir and Bernard Kerik; and other current and former employees of the New York City Police Department ("NYPD"), (collectively, "Defendants"), alleging that the practices and policies within the NYPD violated her constitutional rights under the First, Fifth, and Fourteenth Amendments and her civil rights under 42 U.S.C. §§ 1981 and 1983.

Before the Court is Fleming's motion for sanctions against the City for failing to provide formatting specifications for computer data produced in this litigation. Fleming argues that 1) the City's pattern of discovery misconduct merits severe sanctions, and 2) the City should be sanctioned for spoliation of evidence. Fleming asks that the City's Answer be stricken, the defense expert witness be prevented from disclosing any information at trial that was withheld from Fleming, and all costs, including attorney's fees for the motion application and any additional analysis needed from Fleming's expert witness be paid by the City. The Court has not received the City's opposition to Fleming's motion. For the following reasons, Fleming's motion

for sanctions is **GRANTED**, in part, and **DENIED,** in part.

## II. BACKGROUND

Fleming commenced this action on October 3, 2001. As the result of ongoing discovery disputes, and in accordance with the Court's scheduling order, she filed a motion for sanctions against the City on September 5, 2007. The City did not respond to Fleming's motion. Accordingly, the facts as set out by Fleming's submissions will be taken as true.

The two data systems in dispute in this matter are the Case Analysis and Tracking System ("CATS") and a personal data file maintained by the NYPD ("PERS"). (Declaration of Colleen M. Meenan ¶¶ 9, 10 (" Decl.").) CATS records information on NYPD members charged with serious disciplinary infractions and includes information on the date and nature of the charges filed, whether the officer was found guilty at trial, the referral source, and the penalty, if any. (Decl. ¶ 9.) PERS records information on all officers such as their gender, race, and date of appointment. *Id*. at ¶ 10.

The City was previously sanctioned because it had withheld data sets from Fleming's expert witnesses, Richard Faust ("Faust") and Dr. Mark Killingsworth ("Killingsworth"). The City's expert witness, Dr. Phillip Bobko ("Bobko"), however, has used the withheld data sets to challenge Faust and Killingsworth's analyses of the NYPD's disciplinary patterns toward minorities. *See*, *e.g.*, *Fleming v. The City of New York*, 01Civ. 8885 (CM) (RLE), 2006 U.S. Dist. LEXIS 55733 (S.D.N.Y. Aug. 8, 2006) (ordering sanctions against the City in this same matter because it failed to provide the specified data sets for Fleming).

Currently at issue is the City's failure to comply with Rule 26 discovery requirements. In

a previous motion to compel relevant data sets from the City and sanction it for discovery misconduct the Court granted the monetary sanctions. *Fleming*, 2006 U.S. Dist. LEXIS 55733 at *14. The Court did not order the production of the data set at that time because on June 21, 2006, the City represented that it had provided Fleming with the revised version of the formatting specifications as requested by Fleming and ordered by the Court in February. Fleming has now determined that the City's production did not comply with the Court's earlier order. (Decl. ¶ 18.) Fleming notified the City and the Court about the flawed reports. *Id*. at 3-5.

The databases are critical to Fleming's case. According to Fleming, the City has failed to provide her with the information Bobko used in formulating his challenges to Faust and Killingsworth. Specifically at issue in this motion is the missing CATS and PERS data. The data produced by the City this year failed to correct the missing "explanatory variables" relied on by Bobko to challenge Faust and Killingsworth's findings. (Decl. ¶ 24.) Additionally, new data produced by the City eliminated variables previously provided in prior versions of CATS. (*Id*. ¶ 26.) Fleming was told that the "information previously tracked and provided in earlier versions of CATS is no longer maintained in the current CATS system." (*Id*. ¶ 29.) Fleming asserts that the necessary synthesis of CATS data received from the City over a period of years is made impossible without the help of the City because the prior and current data sets are incongruous. (*Id*. ¶ 31.)

Data in the PERS data set provided to Fleming lacks information about rank and command history. This information is relevant because the City's expert reports criticized Fleming for using race, and for not taking into account other "explanatory variables," such as command or precinct assignment, which can affect the situations to which the NYPD member

3

has been exposed. (Decl. ¶¶ 35, 36.) Without the rank and command history data in the PERS system, Fleming's expert witnesses cannot respond to Bobko's "explanatory variables" challenge.

## III. DISCUSSION

### A. Scope of Discovery

Discovery is generally limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b). "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Carey v. Berisford Metals Corp.*, No. 90 Civ. 1045 (JMC), 1991 U.S. Dist. LEXIS 3776, at *7 (S.D.N.Y. Mar. 28, 1991) (quotations and citation omitted).

The items at issue here are clearly relevant. Fleming's claim asserts that the NYPD metes out harsher disciplines based on race and gender. The computer files being analyzed contain both race and discipline date. In order to do a valid analysis, an expert must have access to all relevant data entries. The Court has already determined that the data on disciplinary action and termination of probationary officers by race and gender is relevant to Fleming's claims. *See Fleming*, 2006 U.S. Dist. LEXIS 55733, *7-9.

### B. Sanctions

The Court has broad discretion to impose sanctions for discovery misconduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Rule 37(c)(1) permits the

Court to impose sanctions, including exclusion of evidence [and], reasonable expenses and attorney's fees upon "[a] party that without substantial justification fails to disclose information required by Rule 26(a)." Before a court imposes sanctions pursuant to Rule 37, the non-disclosing party must have violated a court order to produce. *See Daval Steel Prod. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991). The disobedient party has the burden of showing that its failure is justified or that special circumstances make the sanctions unjust. FED. R. CIV. P. 37 Advisory Committee Notes, Subdivision (b). The City has failed to comply with the Court's February 16, 2006 Order, and by not filing a response to Fleming's motion, has not provided adequate justification for its failure.

**1. Striking The City's Answer**

As part of the Rule 37 sanctions, Fleming moved for the City's Answer to be stricken. Sanctions under Rule 37(c)(1) include "any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)." FED. R. CIV. P. 37(c)(1). Rule 37(b)(2) provides that "if a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others, . . . an order striking out pleadings or parts thereof . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." FED. R. CIV. P. 37(b).

Granting of a litigation ending device such as striking the City's Answer for failure to comply with discovery orders is an extreme measure. *See Bambu Sales v. Ozak Trading*, 58 F.3d 849, 853 (2d Cir. 1995). Factors to be considered in granting such a sanction as a result of failure to follow discovery order are "(a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d)

whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party." *American Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. 1999) (citing Jodi Golinsky, *The Second Circuit's Imposition of Litigation-Ending Sanctions for Failures to Comply with Discovery Orders*, 62 Brook. L. Rev. 585, 596-97 (1996).)

In this case, the Court finds that the following lesser sanctions would be effective in resolving the discovery dispute. For this reason, the motion to strike the City's Answer is **DENIED**.

### 2. Exclusion of Evidence

Rule 37(c)(1) provides in relevant part that "a party that without substantial justification fails to disclose information . . . is not, unless such failure is harmless, permitted to use evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." In this case, Fleming requests the Court to exclude the City's expert witness findings that are based on NYPD data sets which have not been disclosed to Fleming. The City has repeatedly failed to provide the necessary data sets to Fleming pursuant to Rule 26 and the Court's February 16, 2006 Order. If the data that the City has withheld from Fleming's expert witnesses is permitted to be used in its defense, it would unfairly prejudice Fleming's case. For this reason, the motion to exclude any expert testimony or evidence based on undisclosed data is **GRANTED**.

### 3. Attorney's and Expert's Fees

The Court has discretion to order the payment of reasonable expenses caused by failures to produce in discovery, including attorney's fees. FED R. CIV. P. 37(c)(1). The amount of

attorney's fees to be charged to the City for its non-compliance shall be determined by the lodestar analysis, whereby the number of billable hours are multiplied by counsel's reasonable billing rate. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763-64 (1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Fleming's expert witness is unable to complete his analysis of the NYPD's personnel data because the City has failed to produce the requested discovery. Fleming requests that the City pay for any additional analysis needed from Fleming's expert witness. The expert witness is set to testify on behalf of Fleming in this action, and he is required to prepare an expert report containing "a complete statement of all opinions to be expressed . . . the basis and reasons therefor . . . [and] data or other information considered by the witness in forming the opinions." FED. R. CIV. P. 26(a)(2)(B). A party may be sanctioned for its "failure to produce the documents necessary to facilitate the expert's review, particularly after multiple requests," especially where "extensive analysis of . . . statistical evidence" is required. *Evans v. Connecticut*, No. 97-7688, 2001 U.S. App. LEXIS 25150, *2, 3 (2d Cir. Nov. 15, 2001). For this reason, the motion to sanction the City with attorney's fees and expert witness expenses is **GRANTED**. Counsel shall submit sufficient information for the Court to determine a reasonable fee and expenses in accordance with *Hensley* by **December 12, 2007**.

### IV. CONCLUSION

Because the City has failed to comply with discovery demands under Rule 26 and has shown no justification for its failures, Fleming's motion for sanctions is **GRANTED,** in part, and **DENIED,** in part.

SO ORDERED this 5th day of December 2007
New York, New York

*signature*

The Honorable Ronald L. Ellis
United States Magistrate Judge